C. Jonathan Benner (*pro hac vice admission pending*)
Kathleen E. Kraft (*pro hac vice admission pending*)
Thompson Coburn LLP
1909 K Street, N.W., Suite 600
Washington, D.C. 20006-1167
Phone: 202-585-6900
Fax: 202-585-6969
Email: jbenner@thompsoncoburn.com
kkraft@thompsoncoburn.com

Herbert H. Ray, Jr. (Alaska Bar No. 8811201)
Keesal, Young & Logan
1029 West Third Avenue, Suite 650
Anchorage, AK 99501-1954
Phone: 907-279-9696
Fax: 907-279-4239
E-mail: bert.ray@kyl.com
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CRUISE LINES INTERNATIONAL ASSOCIATION ALASKA, and CRUISE LINES INTERNATIONAL ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY AND BOROUGH OF JUNEAU, ALASKA, a municipal corporation, BOB BARTHOLOMEW, in his official capacity as Finance Director, KEN KOELSCH, in his official capacity as Mayor, and KIMBERLY A. KIEFER, in her official capacity as City Manager,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br>(33 U.S.C. § 5; 42 U.S.C. § 1983, U.S. Const., art. I, § 10, cl. 3, U.S. Const., art. 1, § 8, cl. 3) |

6298277.17 1
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.
Case 1:16-cv-00008-HRH Document 1 Filed 04/13/16 Page 1 of 15

Plaintiffs Cruise Lines International Association Alaska and Cruise Lines International Association (collectively, "CLIA" or "Plaintiffs"), by their undersigned attorneys, for their complaint herein, allege as follows:

## Summary of Action

1. This action challenges, under the Constitution and the laws of the United States, the legality of taxes imposed as a condition of entry into the City and Borough of Juneau ("CBJ" or "Juneau") on passengers arriving in CBJ on cruise vessels engaged in the interstate and international commerce of the United States. Plaintiffs seek a declaration that CBJ's entry fees are unlawful and a permanent injunction against the assessment, collection, and improper use of these fees.

2. The entry fees assessed out-of-state cruise visitors are used by CBJ to pay for projects that bear no relationship to costs created or services provided by CBJ to cruise ships calling in Juneau. The entry fees produce revenues that exceed the expenses that CBJ incurs to provide services or facilities to cruise vessels; they were imposed without consideration of specific services being provided to cruise vessels; they have been used to fund future projects that provide no direct benefits to the passengers who actually pay the fee or to the vessels that transport the passengers; their proceeds have been appropriated to projects that do not have the legally-required relationship to services or facilities provided to cruise ships; and they discriminate against cruise visitors over other modes of transportation.

3. Plaintiffs allege that the entry fees are excessive and illegal under federal constitutional and statutory protections. Plaintiffs seek declaratory and injunctive relief barring the continued imposition of the entry fee in whole or in part.

6298277.17 2
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.
Case 1:16-cv-00008-HRH   Document 1   Filed 04/13/16   Page 2 of 15

## Parties

4. Plaintiff Cruise Lines International Association Alaska is a not-for-profit association organized under the laws of the State of Alaska, with its principal place of business in Anchorage, Alaska. Its members include 12 cruise lines: Carnival Cruise Lines, Celebrity Cruises, Crystal Cruises, Disney Cruise Line, Holland America Line, Norwegian Cruise Line, Oceania Cruises, Ponant Yacht Cruises and Expeditions, Princess Cruises, Regent Seven Seas Cruises, Royal Caribbean International, and Silversea Cruises (the "Cruise Lines"). Cruise Lines International Association Alaska works on behalf of its member Cruise Lines to build positive relationships with communities and government agencies, to develop strong partnerships with communities and businesses in Alaska, and to protect its members' legal interests.

5. Plaintiff Cruise Lines International Association is a not-for-profit organization organized under the laws of the District of Columbia, with its principal place of business in Washington, D.C. It has 62 members, including the Cruise Lines, and is a unified global organization that helps its members succeed by advocating for the common interests of the cruise community and protecting its members' legal interests in the jurisdictions where they operate.

6. The Defendant, the City and Borough of Juneau ("CBJ" or "Juneau"), was and is a duly authorized Alaska Municipality and is a person amenable to suit pursuant to 42 U.S.C. § 1983, *et seq*.

7. Defendant Ken Koelsch ("Koelsch") is the mayor of CBJ and is being sued in his official capacity. As mayor, Koelsch is the presiding officer of the Juneau Assembly ("Assembly") and the official who leads the Assembly's review and approval of the entry fees.

6298277.17                                    3
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.

Case 1:16-cv-00008-HRH   Document 1   Filed 04/13/16   Page 3 of 15

8. Defendant Kimberly A. Kiefer ("Kiefer") is the city manager of CBJ and is being sued in her official capacity. As the city manager, Kiefer is the official responsible for the annual development, administration, and distribution of entry fee proceeds.

9. Defendant Bob Bartholomew ("Bartholomew") is the finance director of CBJ and is being sued in his official capacity. As the finance director, Bartholomew is the official responsible for the development of CBJ's municipal budget.

10. CBJ, Koelsch, Kiefer, and Bartholomew are referred to collectively as "Defendants."

## Jurisdiction and Venue

11. Jurisdiction is conferred upon this Court for resolution of the substantial constitutional questions presented herein by virtue of 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3), which provides, in part, that the District Court shall have original jurisdiction over any civil action authorized by law to be commenced by any person to: "Redress the deprivations under color of any state law, statute, ordinance, regulation, custom, or usage of any right, privilege, or immunity secured by the Constitution of the United States..."

12. This suit is also founded on 42 U.S.C. § 1983, which provides, in part, as follows: "Every person who under color of any statute, ordinance, regulation, custom, usage of any state or territory subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to a deprivation of any rights, privileges, immunity secured by the Constitution shall be liable to the party injured in an action at law or in equity or other proper proceedings for redress."

13. Plaintiffs claims' for declaratory relief is founded on Rule 57 of the Federal Rules of Civil Procedure, as well as 28 U.S.C. § 2201, which provides, in part, that: "... any Court of the United States upon filing of an appropriate pleading, may declare the rights and other legal

6298277.17 4
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.
Case 1:16-cv-00008-HRH   Document 1   Filed 04/13/16   Page 4 of 15

relations of any other interested parties seeking such declaration, whether or not further relief is or could be sought..."

14. Jurisdiction to grant injunctive relief is conferred upon this Court by virtue of 28 U.S.C. § 2202, which provides, in part, that: "Further necessary or proper relief on a declaratory judgment or decree may be granted after reasonable notice and hearing against any adverse party whose rights have been determined by such judgment..." In addition, jurisdiction for injunctive relief is found in this Court's inherent equitable powers to enter relief necessary to enforce its orders, opinions, and judgments.

15. Venue is properly laid in this district pursuant to 28 U.S.C. § 1391(b). Defendants are located in this district, and a substantial part of the events or omissions giving rise to the claims occurred and continue to occur in this district.

## General Allegations

16. Since 1990, CBJ has assessed and collected a series of fees against cruise vessels and their passengers. Which has increased over the years.

17. In February 1990, CBJ enacted a port dues ordinance, enacted as Ordinance No. 89-52, which charged $0.05 per ton per vessel to fund capital improvements to port facilities.

18. Nine years later, on October 5, 1999, CBJ voters passed the Marine Passenger Fee initiative, Proposition 1, which charged a $5.00 entry fee per cruise ship passenger ("Marine Passenger Fee") in addition to port dues. CBJ then adopted Ordinance No. 2000-01am to codify the terms of the entry fee and to provide for the administration and collection of the fee. *See* City and Borough Code, Ch. 69.20, *et seq.*

19. In April 2002, CBJ enacted Resolution No. 2150, a temporary port development fee that imposed a $1.73 fee per passenger for capital projects said to be port-related. By 2007, CBJ had increased this fee to $3.00 per cruise ship passenger ("Port Development Fee"), and in

6298277.17                     5
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.
Case 1:16-cv-00008-HRH   Document 1   Filed 04/13/16   Page 5 of 15

2011, CBJ repealed its sunset date, making the tax permanent. *See* Resolution Nos. 2163, 2294b, 2423b-am, and 2552.

20. Since 2012, the CBJ has collected, from a per passenger tax separately imposed on cruise ships by the State of Alaska, an additional $5 per cruise passenger visiting CBJ on vessels greater than 250 passengers (the "Commercial Passenger Vessel Excise Tax"). *See* AS Sec. 43.52.230.

21. The Cruise Lines have objected and continue to object to CBJ's misuse of the entry fees noted in paragraphs 18, 19, and 20 (collectively, the "Entry Fees") on numerous occasions without relief.

22. The Cruise Lines members operate large cruise ships that enter Alaska waters while engaged in interstate and international commerce. The Cruise Lines operate vessels on the navigable waters of the United States while carrying passengers subject to the Entry Fees.

23. The Cruise Lines must collect the Entry Fees and remit them to CBJ at their own expense. In addition, the ordinance imposes accounting and recordkeeping obligations on the Cruise Lines, and the Cruise Lines are subject to penalties for late payment of the Entry Fees.

24. The Cruise Lines have been charged and have paid the Entry Fees each time their vessels have called at CBJ's port since CBJ imposed the Entry Fees.

25. The Entry Fees discriminate against cruise travel over other modes of transportation; passengers arriving in Juneau by air or ferry (including the Alaska State Ferry) are not assessed special entry fees to fund government services or projects of general community benefit, like those described more fully in paragraphs 28 and 29.

26. The Entry Fees discriminate against large cruise ships. Ships accommodating 20 or fewer passengers and ships without berths or overnight accommodations for passengers are exempted from paying the $5 per passenger Marine Passenger Fees. Vessels under 200 tons,

6298277.17          6
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.

Case 1:16-cv-00008-HRH    Document 1    Filed 04/13/16    Page 6 of 15

noncommercial vessels, and state-owned ferries are exempted from paying the additional CBJ $3 Port Development Fee. Vessels under 250 passengers are exempted from paying the additional $5 per passenger Commercial Passenger Excise Tax received by the State of Alaska and appropriated to specific projects by the CBJ.

27. Revenues generated by the Entry Fees bear no reasonable relationship to the actual costs incurred by CBJ to provide services to the cruise vessels and the passengers paying the fees.

28. CBJ has spent the proceeds from the Entry Fees, or significant portions thereof, on activities which are unrelated to and/or which have not provided any benefits to passengers and vessels. One example is $10 million collected and allocated to build a man-made recreational island, elevated walkways, and infrastructure to support a whale statute located nearly a mile away from the cruise ship docks.

29. CBJ has also applied revenues raised by the aforementioned Entry Fees to a variety of other projects and expenses that provide general benefits to the community, but do not recoup costs incurred by CBJ in providing services to vessels and passengers. By way of example, CBJ has appropriated Entry Fees during the period of Fiscal Year 2001 to Fiscal Year 2016 for the following:

    (a)    $22 million to fund CBJ general government operating expenses;

    (b)    $11 million to fund projects within the CBJ roaded service area, which includes a number of projects that benefit CBJ generally and/or provide no direct benefits to the vessels and cruise passengers;

    (c)    $2 million for city bus services where individual passengers already pay bus service fees;

6298277.17     7
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.

Case 1:16-cv-00008-HRH   Document 1   Filed 04/13/16   Page 7 of 15

(d) $594,000 for operations, maintenance, capital improvements, and expansion of the Juneau International Airport; and

(e) $447,000 for upgrades to a private dock that CLIA vessels and passengers are not able to utilize.

30. The persons against whom the Entry Fees are assessed and collected include citizens and resident aliens of the United States and foreign citizens, the vast majority of whom reside outside Alaska. Some of these passengers will not visit Alaska again, and they therefore have no interest in and derive no benefit from projects that CBJ may build or complete in the future.

31. From Fiscal Year 2012 to Fiscal Year 2016, CBJ has levied against and collected from Cruise Lines over $35 million. During the same time, CBJ also collected over $20 million in State Passenger Fees from the State of Alaska intended to support local harbor infrastructure. Moreover, CBJ annually collects approximately 18 to 20 percent of all local sales taxes from visitors (the overwhelming amount of visitors are cruise passengers) to Juneau and appropriates these funds to support general government services and infrastructure.

32. Plaintiffs and their Cruise Line members have been damaged and continue to be damaged by the wrongful imposition and collection of the Entry Fees.

## CLAIMS FOR RELIEF

**First Cause of Action**
*(Violation of the Tonnage Clause of the United States Constitution)*

33. Plaintiffs incorporate the allegations of paragraph 1 through 32 above as though fully set forth herein.

6298277.17
8
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.

Case 1:16-cv-00008-HRH   Document 1   Filed 04/13/16   Page 8 of 15

34. The Tonnage Clause of the United States Constitution, U.S. Const., art. I, § 10, cl. 3, provides, in pertinent part, that "No State shall, without the Consent of Congress, lay any Duty of Tonnage …"

35. The Constitutional prohibition against tonnage duties embraces all taxes and duties regardless of their name or form, even though not measured by tonnage of the vessel, which operate to impose a charge for the privilege of entering, trading in, or lying in a port. *See, e.g., Clyde Mallory Lines v. State of Alabama ex rel. State Docks Comm'n*, 296 U.S. 261, 266 (1935).

36. The Entry Fees are a charge for the privilege of entering, trading in, or lying in a port and, thus, are subject to the Constitutional prohibition against laying "any Duty of Tonnage."

37. A Duty of Tonnage may be found permissible under the Tonnage Clause only to the extent that: (a) the proceeds of such a duty are used for services rendered to and enjoyed by the vessel (such as pilotage), (b) such services enhance the safety and efficiency of interstate commerce, and (c) the duty places minimal burdens on interstate commerce. *See, e.g., id.*

38. The amount of the Entry Fees greatly exceeds the value of services rendered by CBJ to the Cruise Lines and their passengers. The amounts collected and to be collected as a result of the Entry Fees do not bear a reasonable relation to the actual cost of services provided by CBJ to the Cruise Lines carrying passengers subject to the fees.

39. CBJ uses the proceeds of the Entry Fees, or significant portions thereof, for purposes that do not enhance the safety and efficiency of interstate commerce and navigation. The revenues generated by the Entry Fees exceed by a large margin the amount reasonably necessary to compensate CBJ for expenditures for direct services used by the Cruise Lines' vessels and their passengers.

6298277.17                                     9

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.

Case 1:16-cv-00008-HRH   Document 1   Filed 04/13/16   Page 9 of 15

40. The Entry Fees, in whole or in part, burden interstate commerce.

41. By reason thereof, the Entry Fees imposed and/or sought to be imposed by CBJ are excessive or otherwise violate the Tonnage Clause of the United States Constitution.

42. CLIA and the Cruise Lines face irreparable harm if the Court does not enjoin CBJ from collecting the challenged Entry Fees, and they have no adequate remedy at law because, among other things, the prices quoted to potential passengers for the Cruise Lines' cruise seasons must include the Entry Fees. It would be impractical, expensive, and in many cases impossible for the Cruise Lines to refund Entry Fees assessments to passengers after they complete a cruise if the Court were to later declare the Entry Fees to be unlawful.

## Second Cause of Action
*(Violation of Rivers and Harbors Appropriation Act of 1884, as amended, 33 U.S.C. § 5)*

43. Plaintiffs incorporate the allegations of paragraphs 1 through 42 above as though fully set forth herein.

44. The Rivers and Harbors Appropriation Act of 1884, 33 U.S.C. § 5, as amended by the Maritime Transportation Security Act of 2002, Pub. L. 107-295 (Nov. 25, 2002), states:

> (b) No taxes, tolls, operating charges, fees, or any other imposition whatever shall be levied upon or collected from any vessel or other water craft, or from its passengers or crew, by any non-Federal interest, if the vessel or water craft is operating on any navigable waters subject to the authority of the United States, or under the rights to freedom of navigation on those waters, except for –
>
> (1) fees charged under section 208 of the Water Resources Development Act of 1986 (33 U.S.C. § 2236); or
>
> (2) reasonable fees charged on a fair and equitable basis that –
>
>     (A) are used solely to pay the cost of a service to the vessel or water craft;
>
>     (B) enhance the safety and efficiency of interstate and foreign commerce; and

6298277.17

10

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.

Case 1:16-cv-00008-HRH   Document 1   Filed 04/13/16   Page 10 of 15

(C) do not impose more than a small burden on interstate or foreign commerce.

45. The Cruise Lines' vessels operate at all times on navigable waters subject to the authority of the United States and under the right to freedom of navigation on those waters.

46. The Entry Fees are not imposed under section 208 of the Water Resources Development Act of 1986 (33 U.S.C. § 2236).

47. The Entry Fees collected or sought to be collected by CBJ:

    (a) do not constitute reasonable fees charged on a fair and equitable basis;

    (b) are used for purposes other than to pay the cost of services to cruise ships operated by the Cruise Lines' vessels and their passengers;

    (c) do not enhance the safety and efficiency of interstate commerce; and

    (d) impose burdens on interstate commerce.

48. CBJ has appropriated revenue obtained from the Entry Fees to fund a variety of projects that fall outside the scope of expenditures permitted under 33 U.S.C. § 5, including (but not limited to) the projects referred to in Paragraphs 28 and 29 above.

49. By reason thereof, the Entry Fees imposed and/or sought to be imposed by CBJ violate the Rivers and Harbors Appropriation Act of 1884, as amended, 33 U.S.C. § 5(b).

### Third Cause of Action
*(Violation of the Commerce Clause of the United States Constitution)*

50. Plaintiffs incorporate the allegations of paragraphs 1 through 49 above as though fully set forth herein.

51. The right to travel is a fundamental right under the United States Constitution's Commerce Clause, U.S. Const., art. I, § 8, cl. 3, and under the Privileges and Immunities Clause, U.S. Const., Amend. XIV, § 1.

6298277.17                                     11
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.

Case 1:16-cv-00008-HRH   Document 1   Filed 04/13/16   Page 11 of 15

52. An entry fee or similar charge imposed on passengers engaged in interstate travel violates their right to travel if it (a) discriminates against interstate commerce, (b) is not based upon a fair approximation of use, or (c) is excessive in relation to the cost to the government of the benefits conferred.

53. The Entry Fees, including the manner in which the fees are applied by CBJ, discriminate against interstate commerce.

54. The amounts and collections of the Entry Fees are not based upon a fair approximation of the use of local government services by the Cruise Lines' vessels and their passengers.

55. In practice, CBJ has required the collection of the Entry Fees only from passengers of vessels engaged in interstate commerce.

56. CBJ does not assess the Entry Fees against passengers arriving in Juneau by air or ferry transportation.

57. The Entry Fees imposed and/or sought to be imposed by CBJ are excessive and otherwise violate the right to travel, which is a fundamental right as well as a privilege and immunity of national citizenship under the United States Constitution.

**Fourth Cause of Action**
*(Violation of Rights Protected by the Constitution under 42 U.S.C § 1983 and Supremacy Clause Article VI, Clause 2 of the U.S. Constitution)*

58. Plaintiffs incorporate the allegations of paragraphs 1 through 57 above as though fully set forth herein.

59. The Supremacy Clause states that "[t]his Constitution, and the Laws of the United States which shall be made in pursuance thereof . . . shall be the supreme law of the land; and the

6298277.17  12
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.

Case 1:16-cv-00008-HRH   Document 1   Filed 04/13/16   Page 12 of 15

judges in every state shall be bound thereby, anything in the constitution or laws of any state to the contrary notwithstanding." U.S. Const., art. VI, cl. 2.

60. Ordinance No. 2000-01am; Juneau Resolution Nos. 2163, 2294b, 2423b-am, and 2552; and City and Borough Code, Ch. 69.20, *et seq.*, taken in whole or in part, represent an impermissible effort by CBJ impose a duty of tonnage on vessels and passengers. In particular, these sections conflict with federal law and the United States Constitution, and otherwise impede the accomplishment and execution of the full purposes and objectives of federal law and the U.S. Constitution.

61. Ordinance No. 2000-01am; Juneau Resolution Nos. 2163, 2294b, 2423b-am, and 2552; and City and Borough Code, Ch. 69.20, *et seq.* violate the Supremacy Clause, and are invalid.

62. By charging Entry Fees that greatly exceed the value of services rendered to the Cruise Lines and their passengers, CBJ deprived and continues to deprive CLIA of its rights under the Tonnage Clause, in violation of 42 U.S.C. § 1983.

63. Moreover, under the Supremacy Clause of the United States Constitution, the imposition of the Entry Fees, their enforcement by Defendants, and the requirement that the Cruise Lines collect the Entry Fees from their passengers are unlawful and violate 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1. A declaration, pursuant to 28 U.S.C. § 2201, that:

    (a) the challenged Entry Fees violate the Tonnage Clause, the Supremacy Clause (by virtue of its violation of 33 U.S.C. § 5), and the Commerce Clause of the United States Constitution;

6298277.17  13
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.

Case 1:16-cv-00008-HRH   Document 1   Filed 04/13/16   Page 13 of 15

(b) Defendants have deprived CLIA and its Cruise Lines members of federal rights under color of state law in violation of 42 U.S.C. § 1983;

(c) Defendants are legally barred from imposing or collecting the Entry Fees to the extent that revenues therefrom are excessive or otherwise impermissible;

(d) Defendants are legally barred from imposing or collecting the Entry Fees, in any amount; and

(e) Defendants are legally barred from further use of Entry Fees revenue to fund activities that are unrelated to and do not benefit the Cruise Lines' vessels and passengers or approximate their use of CBJ's port.

2. A permanent injunction, pursuant to 28 U.S.C. § 2202, prohibiting Defendants from:

(a) imposing or collecting the Entry Fees to the extent that the amount thereof is excessive or otherwise impermissible;

(b) imposing or collecting the Entry Fees, in any amount; and

(c) further use of the revenues from the Entry Fees to fund activities that are unrelated to and do not benefit the vessels and cruise passengers, or approximate their use of the Port.

3. An award of Plaintiffs' costs and attorney's fees under 42 U.S.C. § 1983; and

4. For such other and further relief as this Court deems just and equitable.

6298277.17

14

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.

Case 1:16-cv-00008-HRH   Document 1   Filed 04/13/16   Page 14 of 15

DATED: 12 April, 2016

    Respectfully submitted,

By _____
   Herbert H. Ray, Jr. (Alaska Bar No. 8811201)
   Keesal, Young & Logan, LLC

C. Jonathan Benner
Kathleen E. Kraft
Thompson Coburn LLP

*Attorneys for Plaintiffs Cruise Line International Association Alaska and Cruise Lines International Association*

6298277.17

15

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.

Case 1:16-cv-00008-HRH   Document 1   Filed 04/13/16   Page 15 of 15