C. Jonathan Benner (*pro hac vice*)
Kathleen E. Kraft (*pro hac vice*)
Thompson Coburn LLP
1909 K Street, N.W., Suite 600
Washington, D.C. 20006-1167
Phone: 202-585-6900
Fax: 202-585-6969
Email: jbenner@thompsoncoburn.com
kkraft@thompsoncoburn.com
Herbert H. Ray, Jr. (Alaska Bar No. 8811201)
Keesal, Young & Logan
1029 West Third Avenue, Suite 650
Anchorage, AK 99501-1954
Phone: 907-279-9696
Fax: 907-279-4239
E-mail: bert.ray@kyl.com
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CRUISE LINES INTERNATIONAL ASSOCIATION ALASKA, and CRUISE LINES INTERNATIONAL ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY AND BOROUGH OF JUNEAU, ALASKA, a municipal corporation, and RORIE WATT, in his official capacity as City Manager,[1]<br><br>Defendants. | Case No. 1:16-cv-00008-HRH<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (33 U.S.C. § 5; 42 U.S.C. § 1983, art. 1, § 8, cl. 3)** |

---

[1] The original Complaint [ECF No. 1] named Kimberly A. Kiefer as an individual defendant, however, she has since been succeeded as Juneau City Manager by Rorie Watt. Federal Rule of Civil Procedure 25(d) allows for the automatic substitution of an official's successor in actions such as this one, and states that "[l]ater proceedings should be in the substituted party's name." In addition, the original Complaint named two additional individual defendants, Juneau Mayor Ken Koelsch and Juneau Finance Director Bob Bartholomew. Defendants Koelsch and Bartholomew have been omitted from the First Amended Complaint.

6362998.4     1
**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.
Case 1:16-cv-00008-HRH   Document 28   Filed 08/10/16   Page 1 of 15

Plaintiffs Cruise Lines International Association Alaska and Cruise Lines International Association (collectively, "CLIA" or "Plaintiffs"), by their undersigned attorneys, for their complaint herein, allege as follows:

**Summary of Action**

1. This action challenges, under the Constitution and the laws of the United States, the legality of entry fees imposed as a condition of entry into the City and Borough of Juneau ("CBJ" or "Juneau") on passengers arriving in CBJ on cruise vessels engaged in the interstate and international commerce of the United States. Plaintiffs seek a declaration that CBJ's entry fees are unlawful and a permanent injunction against the assessment, collection, and improper use of these fees.

2. The entry fees assessed out-of-state cruise visitors are used by CBJ to pay for projects that bear no relationship to costs imposed by cruise visitors or services provided by CBJ to cruise ships calling in Juneau. The entry fees produce revenues that exceed the expenses that CBJ incurs to provide services or facilities to cruise vessels; they were imposed without consideration of specific services provided to cruise vessels; they are used to fund future projects that provide no direct benefits to the passengers who actually pay the fee or to the vessels that transport the passengers; their proceeds are appropriated to projects that do not have the legally-required relationship to services or facilities provided to cruise ships; and they discriminate against cruise visitors over other modes of transportation.

3. Plaintiffs allege that the entry fees are excessive and illegal under federal constitutional and statutory protections. Plaintiffs seek declaratory and injunctive relief barring the continued imposition of the entry fees in whole or in part.

6362998.4

2

**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.
Case 1:16-cv-00008-HRH   Document 28   Filed 08/10/16   Page 2 of 15

## Parties

4. Plaintiff Cruise Lines International Association Alaska is a not-for-profit association organized under the laws of the State of Alaska, with its principal place of business in Anchorage, Alaska. Its members include 12 cruise lines: Carnival Cruise Lines, Celebrity Cruises, Crystal Cruises, Disney Cruise Line, Holland America Line, Norwegian Cruise Line, Oceania Cruises, Ponant Yacht Cruises and Expeditions, Princess Cruises, Regent Seven Seas Cruises, Royal Caribbean International, and Silversea Cruises (together, the "Cruise Lines"). Cruise Lines International Association Alaska works on behalf of its member Cruise Lines to build positive relationships with communities and government agencies, to develop strong partnerships with communities and businesses in Alaska, and to protect its members' legal interests.

5. Plaintiff Cruise Lines International Association is a not-for-profit organization organized under the laws of the District of Columbia, with its principal place of business in Washington, D.C. It has 62 members, including the Cruise Lines, and is a unified global organization that helps its members succeed by advocating for the common interests of the cruise community and protecting its members' legal interests in the jurisdictions where they operate.

6. Defendant, the City and Borough of Juneau, is a duly authorized Alaska Municipality and is a person amenable to suit pursuant to 42 U.S.C. § 1983, *et seq*.

7. Defendant Rorie Watt ("Watt") is the City Manager of CBJ and is being sued in his official capacity. As the City Manager, Watt is the official responsible for the annual administration and distribution of entry fee proceeds.

8. CBJ and Watt are referred to collectively as "Defendants."

6362998.4

3

**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.
Case 1:16-cv-00008-HRH   Document 28   Filed 08/10/16   Page 3 of 15

## Jurisdiction and Venue

9. Jurisdiction is conferred upon this Court for resolution of the substantial constitutional questions presented herein by virtue of 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3), which provides, in part, that the District Court shall have original jurisdiction over any civil action authorized by law to be commenced by any person "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage of any right, privilege or immunity secured by the Constitution of the United States . . . ."

10. This suit is also founded on 42 U.S.C. § 1983, which provides, in part, as follows: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

11. Plaintiffs' request for declaratory relief is governed by Rule 57 of the Federal Rules of Civil Procedure, and founded on 28 U.S.C. § 2201(a), which provides, in part, that: "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

12. Jurisdiction to grant injunctive relief is conferred upon this Court by virtue of 28 U.S.C. § 2202, which provides that: "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." In addition, this Court has the

6362998.4

4

**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.
Case 1:16-cv-00008-HRH   Document 28   Filed 08/10/16   Page 4 of 15

inherent equitable power to award injunctive relief necessary to enforce its orders, opinions, and judgments.

13. Venue is properly laid in this district pursuant to 28 U.S.C. § 1391(b). Defendants are located in this district, and a substantial part of the events or omissions giving rise to the claims occurred and continue to occur in this district.

## General Allegations

14. Since 1990, CBJ has assessed and collected fees against cruise vessels and their passengers.

15. In February 1990, CBJ enacted a port dues ordinance, enacted as Ordinance No. 89-52, which charged $0.05 per ton per vessel to fund capital improvements to port facilities. This port dues ordinance expired in 2002.

16. On October 5, 1999, CBJ voters passed the Marine Passenger Fee initiative, Proposition 1, which charged a $5.00 entry fee per cruise ship passenger ("Marine Passenger Fee") in addition to port dues. CBJ then adopted Ordinance No. 2000-01am to codify the terms of the Marine Passenger Fee and to provide for the administration and collection of the fee. *See* City and Borough of Juneau, AK., Code Ch. 69.20, *et seq.*

17. In April 2002, CBJ enacted Resolution No. 2150, a temporary port development fee that imposed a $1.73 fee per passenger for capital projects said to be port-related. By 2005, CBJ had increased this fee to $3.00 per cruise ship passenger ("Port Development Fee"), and in 2011, CBJ repealed its sunset date, making the Port Development Fee permanent. *See* Resolution Nos. 2163, 2294b-am, 2423b-am, and 2552.

6362998.4 5
**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.
Case 1:16-cv-00008-HRH   Document 28   Filed 08/10/16   Page 5 of 15

18. The Cruise Lines have objected and continue to object to CBJ's misuse of the entry fees noted in paragraphs 16 and 17 (collectively, the "Entry Fees") on numerous occasions without relief.

19. In addition to the Entry Fees, CBJ collects, from a per passenger charge separately imposed on cruise ships by the State of Alaska, an additional $5.00 per cruise passenger visiting CBJ on vessels greater than 250 passengers (the "Commercial Passenger Vessel Excise Charge"). *See* Alaska Stat. § 43.52.230.

20. The Cruise Lines operate large cruise ships that enter Alaska waters while engaged in interstate and international commerce. The Cruise Lines operate vessels on the navigable waters of the United States while carrying passengers subject to the Entry Fees.

21. The Cruise Lines must collect the Entry Fees and remit them to CBJ at their own expense. In addition, the ordinances creating the Entry Fees impose accounting and recordkeeping obligations on the Cruise Lines, and the Cruise Lines are subject to penalties for late payment of the Entry Fees.

22. The Cruise Lines have been charged and have paid the Entry Fees each time their vessels have called at CBJ's port since CBJ imposed the Entry Fees. CBJ City and Borough Code Ch. 69.20.110(b) purports to prohibit any ship delinquent in the payment of Entry Fees from mooring at any CBJ port facility.

23. The Entry Fees discriminate against cruise travel over other modes of transportation; passengers arriving in Juneau by air or ferry (including the Alaska State Ferry) are not assessed special entry fees to fund government services or projects of general community benefit, like those described more fully in paragraphs 26 and 27.

6362998.4
6
**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.
Case 1:16-cv-00008-HRH   Document 28   Filed 08/10/16   Page 6 of 15

24. The Entry Fees discriminate against large cruise ships. Ships accommodating 20 or fewer passengers and ships without berths or overnight accommodations for passengers are exempted from paying the $5 per passenger Marine Passenger Fee. Vessels under 200 tons, noncommercial vessels, and state-owned ferries are exempt from paying the per passenger Port Development Fee. Moreover, vessels under 250 passengers are exempt from paying the per passenger Commercial Passenger Excise Charge collected by the State of Alaska.

25. Revenues generated by the Entry Fees bear no reasonable relationship to the actual costs incurred by CBJ to provide services to the cruise vessels and the passengers paying the fees.

26. CBJ has spent the proceeds from the Entry Fees, or significant portions thereof, on activities that are unrelated to and/or that have not provided any benefits to passengers and vessels. This includes, but is not limited to, $10 million collected and allocated to build a man-made recreational island, elevated walkways, and infrastructure to support a whale statue located nearly a mile away from the cruise ship docks.

27. CBJ has also applied proceeds from the Entry Fees to a variety of other projects and expenses that provide general benefits to the community, but do not recoup costs incurred by CBJ in providing services to vessels and passengers. By way of example, CBJ has appropriated Entry Fees during the period of Fiscal Year 2001 to Fiscal Year 2016 for the following:

    (a)    $22 million to fund CBJ general government operating expenses;

    (b)    $11 million to fund projects within the CBJ roaded service area, which include a number of projects that benefit CBJ generally and/or provide no direct benefits to the Cruise Lines' vessels and passengers;

6362998.4

7

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.
Case 1:16-cv-00008-HRH   Document 28   Filed 08/10/16   Page 7 of 15

(c) $2 million for CBJ bus services even though individual passengers, including Cruise Lines passengers using CBJ bus services, already pay to use CBJ bus services;

(d) $594,000 for operations, maintenance, capital improvements, and expansion of the Juneau International Airport;

(e) $447,000 for upgrades to a private dock that the Cruise Lines' vessels and passengers are not able to use; and

(f) Attorneys' fees for outside counsel engaged to represent CBJ in matters related to this litigation.

28. The persons against whom the Entry Fees are assessed and collected include citizens and resident aliens of the United States and foreign citizens, the vast majority of whom reside outside Alaska. Some of these passengers will not visit Alaska again, and they therefore have no interest in and derive no benefit from projects that CBJ may build or complete in the future.

29. From Fiscal Year 2012 to Fiscal Year 2016, CBJ has levied and collected more than $35 million in Entry Fees from the Cruise Lines. During the same time, CBJ also received more than $20 million via the Commercial Passenger Excise Charge from the State of Alaska, collected from cruise passengers. This money from the State was intended to support local harbor infrastructure. Moreover, CBJ annually collects approximately 18 to 20 percent of all local sales taxes from visitors (the overwhelming amount of visitors are cruise passengers) to Juneau and appropriates these funds to support general government services and infrastructure, and to offset costs incurred by cruise passengers.

6362998.4

8

**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.
Case 1:16-cv-00008-HRH   Document 28   Filed 08/10/16   Page 8 of 15

30. Plaintiffs and their Cruise Line members have been damaged and continue to be damaged by the wrongful imposition and collection of the Entry Fees.

## CLAIMS FOR RELIEF

### First Cause of Action
(*Violation of the Tonnage Clause of the United States Constitution*)

31. Plaintiffs incorporate the allegations of paragraph 1 through 30 above as though fully set forth herein.

32. The United States Constitution, U.S. Const., art. I, § 10, cl. 3, provides, in pertinent part, that "[n]o State shall, without the Consent of Congress, lay any Duty of Tonnage . . . " (the "Tonnage Clause").

33. The Tonnage Clause prohibits states and localities from imposing any assessment regardless of name or form, even though not measured by tonnage of the vessel, which operate to impose a charge for the privilege of entering, trading in, or lying in a port.

34. The Entry Fees are a charge for the privilege of entering, trading in, or lying in a port and thus are subject to the Constitutional prohibition against laying "any Duty of Tonnage."

35. A Duty of Tonnage may be found permissible under the Tonnage Clause only to the extent that: (a) the proceeds of such a duty are used for services rendered to and enjoyed by the vessel (such as pilotage), (b) such services enhance the safety and efficiency of interstate commerce, and (c) the duty places only minimal burdens on interstate commerce.

36. The amount of the Entry Fees greatly exceeds the value of services rendered by CBJ to the Cruise Lines and their passengers. The amounts collected and to be collected as a result of the Entry Fees do not bear a reasonable relation to the actual cost of services provided by CBJ to the Cruise Lines, or to the Cruise Lines' vessels and passengers.

6362998.4

9

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.
Case 1:16-cv-00008-HRH   Document 28   Filed 08/10/16   Page 9 of 15

37. CBJ uses the proceeds of the Entry Fees, or significant portions thereof, for purposes that do not enhance the safety and efficiency of interstate commerce and navigation. The revenues generated by the Entry Fees exceed by a large margin the amount reasonably necessary to compensate CBJ for expenditures for services used by the Cruise Lines' vessels and passengers.

38. The Entry Fees, in whole or in part, impose more than a minimal burden on interstate commerce.

39. By reason thereof, the Entry Fees imposed and/or sought to be imposed by CBJ are excessive or otherwise violate the Tonnage Clause of the United States Constitution.

40. CLIA and the Cruise Lines face irreparable harm if the Court does not enjoin CBJ from collecting the challenged Entry Fees, and they have no adequate remedy at law because, among other things, the prices quoted to potential passengers for the Cruise Lines' cruise seasons must include the Entry Fees. It would be impractical, expensive, and in many cases impossible for the Cruise Lines to refund Entry Fees to passengers after they complete a cruise if the Court were to later declare the Entry Fees unlawful.

**Second Cause of Action**
(*Violation of Rivers and Harbors Appropriation Act of 1884, as amended, 33 U.S.C. § 5*)

41. Plaintiffs incorporate the allegations of paragraphs 1 through 40 above as though fully set forth herein.

42. The Rivers and Harbors Appropriation Act of 1884, 33 U.S.C. § 5, as amended by the Maritime Transportation Security Act of 2002, Pub. L. 107-295 (Nov. 25, 2002), states, in pertinent part:

> (b) No taxes, tolls, operating charges, fees, or any other impositions whatever shall be levied upon or collected from any vessel or other water craft, or from its passengers or crew, by any

6362998.4
10
**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.
Case 1:16-cv-00008-HRH   Document 28   Filed 08/10/16   Page 10 of 15

> non-Federal interest, if the vessel or water craft is operating on any navigable waters subject to the authority of the United States, or under the rights to freedom of navigation on those waters, except for –
>
> (1) fees charged under section 2236 of this title;
>
> (2) reasonable fees charged on a fair and equitable basis that –
>
>     (A) are used solely to pay the cost of a service to the vessel or water craft;
>
>     (B) enhance the safety and efficiency of interstate and foreign commerce; and
>
>     (C) do not impose more than a small burden on interstate or foreign commerce.

43. The Cruise Lines' vessels operate at all times on navigable waters subject to the authority of the United States and under the right to freedom of navigation on those waters.

44. The Entry Fees are not imposed under section 208 of the Water Resources Development Act of 1986 (33 U.S.C. § 2236).

45. The Entry Fees collected or sought to be collected by CBJ:

    (a)    do not constitute reasonable fees charged on a fair and equitable basis;

    (b)    are used for purposes other than to pay the cost of services to cruise ships operated by the Cruise Lines, or to their passengers;

    (c)    do not enhance the safety and efficiency of interstate commerce; and

    (d)    impose more than a small burden on interstate or foreign commerce.

46. CBJ has appropriated revenue obtained from the Entry Fees to fund a variety of projects that fall outside the scope of expenditures permitted under 33 U.S.C. § 5(b), including (but not limited to) the projects referred to in Paragraphs 26 and 27 above.

6362998.4

11

**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.

Case 1:16-cv-00008-HRH   Document 28   Filed 08/10/16   Page 11 of 15

47. By reason thereof, the Entry Fees imposed and/or sought to be imposed by CBJ violate the Rivers and Harbors Appropriation Act of 1884, as amended, 33 U.S.C. § 5(b).

### Third Cause of Action
(*Violation of the Commerce Clause of the United States Constitution*)

48. Plaintiffs incorporate the allegations of paragraphs 1 through 47 above as though fully set forth herein.

49. The right to travel is a fundamental right under the United States Constitution's Commerce Clause, U.S. Const., art. I, § 8, cl. 3, and under the Privileges and Immunities Clause, U.S. Const., Amend. XIV, § 1.

50. An entry fee or similar charge imposed on passengers engaged in interstate travel violates their right to travel if it (a) discriminates against interstate commerce, (b) is not based upon a fair approximation of use, or (c) is excessive in relation to the cost to the government of the benefits conferred.

51. The Entry Fees, including the manner in which the fees are applied by CBJ, discriminate against interstate commerce.

52. The amounts and collections of the Entry Fees are not based upon a fair approximation of the use of local government services by the Cruise Lines' vessels and passengers.

53. In practice, CBJ has required the collection of the Entry Fees only from passengers of vessels engaged in interstate commerce.

54. CBJ does not assess the Entry Fees against passengers arriving in Juneau by air or ferry transportation.

6362998.4

12

FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.
Case 1:16-cv-00008-HRH   Document 28   Filed 08/10/16   Page 12 of 15

55. The Entry Fees imposed and/or sought to be imposed by CBJ are excessive and otherwise violate the right to travel, which is a fundamental right as well as a privilege and immunity of national citizenship under the United States Constitution.

**Fourth Cause of Action**
*(Violation of Rights Protected by 42 U.S.C § 1983 and the Supremacy Clause of the U.S. Constitution)*

56. Plaintiffs incorporate the allegations of paragraphs 1 through 55 above as though fully set forth herein.

57. The Supremacy Clause states that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges in every state Shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const., art. VI, cl. 2.

58. Ordinance No. 2000-01am; Juneau Resolution Nos. 2163, 2294b-am, 2423b-am, and 2552; and City and Borough Code, Ch. 69.20, *et seq.,* taken in whole or in part, represent an impermissible effort by CBJ to impose a duty of tonnage on vessels and passengers. In particular, these sections conflict with federal law and the United States Constitution, and otherwise impede the accomplishment and execution of the full purposes and objectives of federal law and the U.S. Constitution.

59. Ordinance No. 2000-01am; Juneau Resolution Nos. 2163, 2294b-am, 2423b-am, and 2552; and City and Borough Code, Ch. 69.20, *et seq.* violate the Supremacy Clause, and are invalid.

60. By charging Entry Fees that greatly exceed the value of services rendered to the Cruise Lines and their passengers, CBJ deprived and continues to deprive CLIA of its rights under the Tonnage Clause, in violation of 42 U.S.C. § 1983.

6362998.4 13
**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.
Case 1:16-cv-00008-HRH   Document 28   Filed 08/10/16   Page 13 of 15

61. Moreover, under the Supremacy Clause of the United States Constitution, the imposition of the Entry Fees, their enforcement by Defendants, and the requirement that the Cruise Lines collect the Entry Fees from their passengers are unlawful and violate 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1. A declaration, pursuant to 28 U.S.C. § 2201, that:

    (a) the challenged Entry Fees violate the Tonnage Clause, the Supremacy Clause (by virtue of their violation of 33 U.S.C. § 5), and the Commerce Clause of the United States Constitution;

    (b) Defendants have deprived CLIA and its Cruise Lines members of federal rights under color of state law in violation of 42 U.S.C. § 1983;

    (c) Defendants are legally barred from imposing or collecting the Entry Fees to the extent that revenues therefrom are unlawful, excessive or otherwise impermissible;

    (d) Defendants are legally barred from further use of Entry Fees revenue to fund activities that are unrelated to and do not benefit the Cruise Lines' vessels and passengers or that do not reflect the direct cost of providing services to cruise vessels.

2. A permanent injunction, pursuant to 28 U.S.C. § 2202, prohibiting Defendants from:

    (a) imposing or collecting the Entry Fees to the extent that the amount thereof is excessive or otherwise impermissible;

    (b) further use of the revenues from the Entry Fees to fund activities that are unrelated to and do not benefit the Cruise Lines' vessels and passengers, or approximate their use of CBJ's port.

6362998.4

14

**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.

Case 1:16-cv-00008-HRH   Document 28   Filed 08/10/16   Page 14 of 15

3. An award of Plaintiffs' costs and attorney's fees; and

4. For such other and further relief as this Court deems just and equitable.

DATED: May 18, 2016

    Respectfully submitted,

By:   /s/ C. Jonathan Benner
C. Jonathan Benner (*pro hac vice*)
Kathleen E. Kraft (*pro hac vice*)
Thompson Coburn LLP

  /s/ Herbert H. Ray
Herbert H. Ray, Jr. (Alaska Bar No. 8811201)
Keesal, Young & Logan, LLC

*Attorney for Plaintiffs Cruise Line International Association Alaska and Cruise Lines International Association*

6362998.4
15
**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
Cruise Lines International Association Alaska, et al. v. City and Borough of Juneau, et al.
Case 1:16-cv-00008-HRH   Document 28   Filed 08/10/16   Page 15 of 15