IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

CRUISE LINES INTERNATIONAL )
ASSOCIATION ALASKA and CRUISE )
LINES INTERNATIONAL ASSOCIATION, )
               )
           Plaintiffs, )
               )
   vs. )
               )
THE CITY AND BOROUGH OF JUNEAU, )
ALASKA, a municipal corporation, and )
RORIE WATT, in his official capacity as )
City Manager, )
               )  No. 1:16-cv-0008-HRH
           Defendants. )
_____)

## JUDGMENT IN A CIVIL CASE

By order of January 24, 2019,[1] the court has ruled that a declaratory judgment be entered, and that no issues remain unresolved. This is a final judgment based upon the court's order of December 6, 2018.[2]

This action was decided by Judge H. Russel Holland on defendants' motion to determine law of the case and cross-motions for summary judgment.

### First Cause of Action – Tonnage Clause

Defendants' marine passenger fee (MPF) ordinance, Sections 69.20.030 and -.040, is not facially violative of the Tonnage Clause of the United States Constitution. Defendants'

---

[1] Docket No. 216.

[2] Docket No. 207.

JUDGMENT IN A CIVIL CASE                               - 1 -

port development fee (PDF) resolution is not facially violative of the Tonnage Clause of the United States Constitution.

The Tonnage Clause is violated by the imposition and expenditure of fees imposed upon a vessel that do not reflect the reasonable costs of services provided to the vessel or for services which, if called upon by a vessel, would further the marine enterprise. Fees imposed and expended for the benefit of passengers carried by vessels violate the Tonnage Clause unless the expenditures reflect reasonable costs of services to a vessel. Fees expended for projects and expenses that constitute or are based upon the reasonable cost of services to a vessel do not become unconstitutional under the Tonnage Clause because the services being provided may also incidentally benefit the general public or vessel passengers. But, fees imposed upon vessels but expended for services that benefit passengers only are unconstitutional under the Tonnage Clause.

<u>Second Cause of Action – Rivers and Harbors Appropriation Act</u>

Defendants' marine passenger fee (MPF) ordinance, Sections 69.20.030 and -.040, is not facially violative of the Rivers and Harbors Appropriation Act (RHAA), 33 U.S.C. § 5(b). Defendants' port development fee (PDF) resolution is not facially violative of the RHAA.

The RHAA prohibits fees imposed upon vessels except for those fees used solely to pay the reasonable costs of service(s) to a vessel or enhance the safety and efficiency of interstate and foreign commerce. Fees imposed and expended for the benefit of passengers carried by vessels violate the RHAA unless the expenditures reflect reasonable costs of services to a vessel. Fees expended for projects and expenses that constitute or are based upon the reasonable cost of services to a vessel do not become unlawful under the RHAA because the services being provided may also incidentally benefit the general public or vessel

passengers. But, fees imposed upon vessels but expended for services that benefit passengers only are unlawful under the RHAA.

### Third Cause of Action – Commerce Clause

Based upon plaintiffs' argument that it is unnecessary for the court to decide their U.S. Constitution, Article I, Section 8, Clause 3, Commerce Clause claim, plaintiffs' Commerce Clause claim is dismissed without prejudice.

### Fourth Cause of Action – Supremacy Clause

Plaintiffs' U.S. Constitution, Article VI, Clause 2, Supremacy Clause claim is dismissed with prejudice as explained in the court's order of December 6, 2018.[3]

DATED at Anchorage, Alaska, this 25th day of January, 2019.

/s/ H. Russel Holland
United States District Judge

---

[3] Order at 32-33, Docket No. 207.